IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FRED SPAINHOUR, as Special
Administrator of the Estate of Brian
Allen Spainhour, deceased, and on behalf
of the wrongful death beneficiaries of
Brian Allen Spainhour**                                                                PLAINTIFF

v.                             Case No. 4:19-cv-00202 KGB

**SHANE JONES,** *et al.*                                                              DEFENDANTS

## ORDER

Pending before the Court is a motion to dismiss filed by separate defendants Shane Jones, Boone Sumners, and Rowdy Sweet, in their individual and official capacities, and Pope County, Arkansas (Dkt. No. 2). Plaintiff Fred Spainhour, special administrator of the estate of Brian Spainhour, deceased, and on behalf of the wrongful death beneficiaries of Brian Spainhour, opposes this motion (Dkt. No. 4). Also pending before the Court is separate defendant Andrew W. Ballinger's motion to dismiss (Dkt. No. 26).[1] For the following reasons, the Court grants both motions to dismiss Fred Spainhour's 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation and declines to exercise supplemental jurisdiction over Fred Spainhour's remaining state law tort claims.

**I.    Background**

On March 25, 2019, Fred Spainhour filed this action pursuant to 42 U.S.C. § 1983, the Arkansas Survival of Actions Statute, Arkansas Code Annotated § 16-62-101 ("ASAS"), and the Arkansas Wrongful Death Act, Arkansas Code Annotated § 16-62-102 ("AWDA") (Dkt. No. 1).

---

[1] Mr. Ballinger's motion to dismiss adopts and incorporates the motion to dismiss and brief in support filed by separate defendants Mr. Jones, Mr. Sumners, Mr. Sweet, and Pope County as his motion to dismiss Fred Spainhour's complaint (Dkt. Nos. 2; 3; 26).

Fred Spainhour is the father of Brian Allen Spainhour (*Id.*, at 1). Fred Spainhour states that Brian Spainhour was booked into the Pope County Detention Center ("the detention center") by Deputy Sheriff Boone Sumners on or about March 15, 2016 (*Id.*, ¶ 18). At the time of his arrest, Brian Spainhour informed Deputy Sumners that he was prescribed various life sustaining medications for high blood pressure, Hepatitis C, heart valve infection, and other medical issues (*Id.*, ¶ 20). Brian Spainhour was held at this facility until he was released due to a medical emergency "on his own recognizance" on March 18, 2016 (*Id.*, ¶ 19). Fred Spainhour claims that Sheriff Shane Jones and the Pope County Sheriff's Office failed to verify Brian Spainhour's medications after he disclosed them during his screening (*Id.*, ¶ 21). On or about March 16, 2016, Angela Porrelo attempted to provide the detention center with the medication that Brian Spainhour required, but she was turned away; the detention center did not accept the medication (*Id.*, ¶¶ 22-23).

Fred Spainhour claims that on March 16, 2016, Brian Spainhour informed the detention center that he believed he had suffered a stroke (*Id.*, ¶ 24). In a letter possibly to Ms. Porrelo, Brian Spainhour wrote that he was sick, it was hard to move, he had blood clots in his fingers, and he was seeing a doctor or nurse (*Id.*, at 17). Brian Spainhour wrote that he was "gonna end up with another stroke and maybe die," and that he was "worried [he was] gonna have another stroke" (*Id.*). Fred Spainhour claims that, despite numerous requests for medical assistance, the detention center made no attempt to examine Brian Spainhour after he complained of a possible stroke (*Id.*, ¶ 25). Fred Spainhour states that, on March 18, 2016, Brian Spainhour suffered a stroke and fell into a coma while being detained at the detention center (*Id.*, ¶ 26). Deputy Sheriff Rowdy Sweet was the jail administrator on March 18, 2016, and Fred Spainhour alleges that Deputy Sweet and Deputy Sheriff Andrew Ballinger did not call an emergency response team to examine Brian Spainhour or release him from custody until he was found unconscious in his cell (*Id.*, ¶¶ 27-28).

Fred Spainhour claims that Brian Spainhour suffered a brain aneurism as a result of not receiving proper medication while detained at the detention center and passed away on March 25, 2016 (*Id.*, ¶ 29).

Fred Spainhour alleges that the Pope County Sheriff's Office has a custom, policy, or practice where failure to supervise, train, evaluate, and discipline its officers concerning policies and procedures as they pertain to the laws on providing adequate medical care, which has resulted in an environment that condones the unreasonable withholding of medical care on citizens being detained at the detention center (*Id.*, ¶ 30). Fred Spainhour further alleges that all individual defendants were, at all relevant times, acting under color of state law (*Id.*, ¶ 31).

Additionally, Fred Spainhour alleges the involvement of three John Doe defendants (*Id.*, ¶¶ 32-35). Fred Spainhour alleges that the first John Doe is an individual who oversaw the medical care provided to the detention center from March 15, 2016, to March 18, 2016, and caused damages to plaintiff (*Id.*, ¶ 32). Fred Spainhour alleges that the second John Doe is any company that assisted in medical care for the inmates at the detention center from March 15, 2016, to March 18, 2016, and caused damages to plaintiff (*Id.*, ¶ 33). Fred Spainhour alleges that the third John Doe is any officer who refused to provide medical treatment to Brian Spainhour and caused damages to plaintiff (*Id.*, ¶ 34).

Fred Spainhour alleges four counts against all defendants in their individual and official capacities: (1) cruel and unusual punishment in violation of the Eighth Amendment; (2) Arkansas civil rights violations; (3) tort of outrage; and (4) failure to supervise (*Id.*, ¶¶ 36-68). Fred Spainhour demands a jury trial and seeks attorney's fees (*Id.*, ¶7 69-80). As relief, Fred Spainhour requests damages in an amount adequate to compensate him for the wrongful death of Brian Spainhour, all general and special damages caused by the alleged conduct of defendants, punitive

damages to punish defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Brian Spainhour, and all other relief to which he is entitled (*Id.*, at 14).

Defendants filed a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on June 12, 2019 (Dkt. No. 2). Defendants assert that Fred Spainhour's complaint is time-barred and should be dismissed with prejudice (*Id.*, ¶ 2). Defendants assert that Fred Spainhour concedes that Brian Spainhour was transferred from the detention center to the local hospital on March 18, 2016, three years and one week prior to Fred Spainhour filing his complaint (Dkt. No. 3, at 2). Defendants state that the complaint does not allege any actions, wrongful or otherwise, against any of the defendants after March 18, 2016 (*Id.*). Defendants claim that Fred Spainhour's cause of action accrued, therefore, on March 18, 2016, since that is the latest date at which any wrongful act or omission committed by defendants could have occurred (*Id.*, at 2-3). Defendants note that § 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose, and defendants claim that under Arkansas law that means either a three-year statute of limitations or a two-year statute of limitations, depending on the circumstances (*Id.*, at 2). Under either scenario, defendants claim that Fred Spainhour is time-barred from bringing this action since the alleged wrongful acts occurred on March 18, 2016, over three years before he filed suit (*Id.*, at 3).

Fred Spainhour filed a response in opposition and supporting brief (Dkt. Nos. 4, 5). In response, Fred Spainhour asserts that he filed this action within the applicable statutory period (Dkt. No. 5, at 2). Fred Spainhour first contends that the three-year statute of limitations period is appropriate in wrongful death actions such as this one (*Id.*, at 3). Fred Spainhour also contends that the statute of limitations begins to run when the wrongful acts or omissions result in damages,

not necessarily when they first occur (*Id.*, at 4). Fred Spainhour states that the determination of when the injury has occurred is normally a question of fact to be answered by the jury (*Id.*). In wrongful death actions brought under § 1983, Fred Spainhour asserts that the statute of limitations begins to run on the date of plaintiff's death which resulted from defendant's acts or omissions (*Id.*, at 5). Accordingly, Fred Spainhour claims that the statute of limitations began to run on March 25, 2016, the date of Brian Spainhour's death, rendering this action timely filed within the three-year limitation period on March 25, 2019 (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 588 F.3d at 678. In making this determination, the court must draw all reasonable inferences in favor of the nonmoving party. *Crooks v. Lynch,* 557 F.3d 846, 848 (8th Cir. 2009). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Hafley v. Lohman*, 90 F.2d 264, 266 (8th Cir. 1996)).

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading and proving this defense, while "'[t]he party who is claiming the

5

benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it.'" *Motley v. United States,* 295 F.3d 820, 824 (8th Cir. 2002) (quoting *Wollman v. Gross,* 637 F.2d 544, 549 (8th Cir. 1980)).

### III. Discussion

As a preliminary matter, the Court reiterates that Fred Spainhour's complaint contains four causes of action: (1) cruel and unusual punishment in violation of the Eighth Amendment rights of Brian Spainhour; (2) Arkansas civil rights violations resulting in damages suffered by Brian Spainhour; (3) tort of outrage resulting in severe emotional distress to Brian Spainhour; and (4) a policy, practice, or custom of failure to supervise as the moving force behind the violation of Brian Spainhour's constitutional rights (Dkt. No. 1, ¶¶ 36-68). The Court notes that the first cause of action represents a federal cause of action and the remaining three causes of action represent state law claims. Therefore, the Court will decide whether Fred Spainhour's federal claim under § 1983 alleging violations of Brian Spainhour's Eighth Amendment rights survives defendants' motion to dismiss before moving on to the state claims over which it has supplemental jurisdiction. *See* 28 U.S.C. § 1367.

The sole dispute regarding defendants' motion to dismiss concerns the statute of limitations governing Fred Spainhour's § 1983 claim. This dispute contains two dimensions: (1) which statute of limitations applies to the § 1983 claim and (2) when did Fred Spainhour's cause of action for the § 1983 claim accrue. Since the parties agree on the dates upon which the relevant events in this case transpired, the Court discusses these two issues of law in turn.

#### A. Applicable Statute Of Limitations

42 U.S.C. § 1983 claims are governed by the personal injury statute of limitations of the state where the claims arose. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Wycoff v. Menke*,

773 F.2d 983, 984 (8th Cir. 1985). Under Arkansas law, personal injury actions have a three-year statute of limitations. *See* Ark. Code Ann. § 16-56-105(3). The Eighth Circuit has held that this three-year statute of limitations applies to § 1983 claims in Arkansas. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) ("We note that Arkansas's three-year personal injury statute of limitations . . . applies to this § 1983 action filed in Arkansas."); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state."); *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991) ("[I]n Arkansas the applicable period for a § 1983 action is three years." (citing Ark. Code Ann. § 16-56-105; *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986))).

Arkansas law also provides that "[a]ll actions against sheriffs . . . upon any liability incurred by them by doing any act in their official capacity or by the omission of any official duty" have a two-year statute of limitations period. *See* Ark. Code Ann. § 16-56-109(a). This statute applies to deputy sheriffs and jailers as well as sheriffs, *see Brown v. United States*, 342 F. Supp 987, 995 (E.D. Ark. 1972), *aff'd in relevant part, rev'd in part*, 486 F.2d 284 (8th Cir. 1973), and it has been applied to § 1983 claims against sheriffs in their official capacity by courts in this circuit, *see Crowley v. Benton Cty.*, No. 05-5098, 2006 WL 3053005, at *2 (W.D. Ark. Oct. 26, 2006); *Tolliver v. Baxter Cty.*, No. 05-3036, 2006 WL 2032647, at *4 (W.D. Ark. July 18, 2006). If this two-year statute of limitations applied to Fred Spainhour's claims against defendants in their official capacities, the Court would dismiss those claims as untimely.

However, at least one court within this district, relying on *Wilson v. Garcia*, has held that the three-year personal injury statute of limitations applies even to claims brought against officers in their official capacity pursuant to § 1983. *See Allen v. Hall*, No. 3:05-CV-00282 GTE, 2007

7

WL 5393666, at *3 (E.D. Ark. Feb. 28, 2007); *see also Wilcox v. Robinson*, No. 06-CV-1100, 2008 WL 4446959, at *3 (W.D. Ark. Sept. 2008) (holding that the three-year personal injury statute of limitations is "the limitation period for all § 1983 cases in Arkansas" despite defendants' contention that Arkansas Code Annotated § 16-56-109 governed the underlying claims). Moreover, in a similar situation regarding Missouri's statutory scheme, the Eighth Circuit overruled itself and applied Missouri's five-year statute of limitations for personal injury actions to a plaintiff's § 1983 claims against police officers in their individual and official capacities rather than the three-year statute of limitations Missouri had for actions against police officers. *See Sulik v. Taney Cty.* ("*Sulik II*"), 393 F.3d 765, 766-67 (8th Cir. 2005), *overruling Sulik v. Taney Cty.* ("*Sulik I*"), 316 F.3d 813 (8th Cir. 2003). Relying on *Wilson*, the Eighth Circuit called the application of the three-year statute of limitations "a clear error of law" and confirmed that post-*Wilson* a state's statute of limitations for personal injury actions governs § 1983 claims. *Id.*

Therefore, the Court concludes that Arkansas' three-year statute of limitations for personal injury actions applies to this § 1983 action despite the existence of Arkansas Code Annotated § 16-56-109. Accordingly, the face of Fred Spainhour's complaint does not establish that a two-year statute of limitations should apply to bar some or all of his claims.

### B. Arkansas Survival And Wrongful Death Actions

Fred Spainhour brings suit as a result of Brian Spainhour's death resulting from alleged acts of defendants. Under Arkansas law, there are two causes of action that arise when a person's death is caused by the negligence of another: (1) a cause of action for the estate under the survival statute, *see* Ark. Code Ann. § 16-62-101, and (2) a cause of action for the statutory beneficiaries under the wrongful-death statute, *see* Ark. Code Ann. § 16-62-102. *Matthews v. Travelers Indem. Ins. Co.*, 432 S.W.2d 485 (Ark. 1968); *Miller v. Centerpoint Energy Res. Corp.*, 250 S.W.3d 574

(Ark. Ct. App. 2007). Under Arkansas law, an action for the recovery of damages by a deceased person suffered prior to death is a survival action. *McDonald v. Pettus*, 988 S.W.2d 9 (Ark. 1999).

A survival claim is simply a claim by the injured party that would have ended upon his death at common law. The legislature enacted a survival statute allowing those claims to survive the injured party's death. *Myers v. McAdams,* 236 S.W.3d 504 (Ark. 2006); *Miller*, 250 S.W.3d at 577. Under Arkansas law, personal injury actions have a three-year statute of limitations. *See* Ark. Code Ann. § 16-56-105(3). "The statute begins to run when the acts occur." *O'Mara v. Dykema*, 942 S.W.2d 854, 858 (Ark. 1997). A wrongful death claim under Arkansas law must be filed "within three (3) years after the death of the person alleged to have been wrongfully killed," except under certain circumstances not present here. Ark. Code Ann. § 16-62-102(c)(1).

Under controlling law, surviving family members must file a § 1983 claim as a survival action; they may file wrongful death actions alleging violations of their own constitutional rights or raising applicable state law claims but may not recover wrongful death damages for a § 1983 claim. *See Andrews v. Neer*, 253 F.3d 1052, 1063-64 (8th Cir. 2001). In *Neer*, the daughter of an involuntary patient at a Missouri state hospital brought a § 1983 action against hospital security aides alleging the use of excessive force during the takedown and restraint of the patient which caused his death. *Id.* at 1063. The daughter did not pursue her supplemental state-law wrongful death claim nor did she bring a separate claim for injury to her own constitutional rights. *Id.* at 1064. Instead, she argued that the surviving family members should be allowed to collect damages on their own behalf in a § 1983 claim for the wrongful death of another. *Id.* at 1063. The Eighth Circuit Court of Appeals rejected this argument. Instead, the *Neer* court determined that the federal remedy to be applied to § 1983 death cases should be a survival action, brought by the estate of the deceased victim, and that damages recoverable under § 1983 should be limited only to damages

9

recoverable by the decedent. The *Neer* court reasoned that accepting the daughter's argument, permitting recovery for damages suffered by individuals other than the decedent, and allowing the measure of damages under § 1983 to be defined by the language of the Missouri wrongful death statute would impermissibly broaden the types of injuries for which Congress intended recovery to be available under § 1983, which authorizes only liability "to the party injured." 42 U.S.C. § 1983.

As a result, here, the Court determines that Fred Spainhour brings his § 1983 claim alleging violations of Brian Spainhour's Eighth Amendment rights under the Arkansas survival statute and that he alleges a state law wrongful death claim over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367. *See Franklin v. Franklin Cty.*, No. 2:17-cv-2016, 2019 WL 1757533 (W.D. Ark. Apr. 19, 2019), *appeal filed,* No. 19-1854 (8th Cir. 2019), (determining that § 1983 claims arising from alleged excessive force that lead to the decedent's death were sufficiently alleged under the Arkansas survival statue and that the court exercised supplemental jurisdiction under 28 U.S.C. § 1367 over the Arkansas state tort claim for wrongful death). Fred Spainhour does not bring in his complaint a § 1983 action alleging violations of his own constitutional rights. *Cf. Foster v. Midwest Sec. Hous., LLC*, No. 05-06116-CV-SJ-GAF, 2006 WL 8438393 (W.D. Mo. Oct. 3, 2006) (determining that plaintiffs were not attempting to recover damages on their own behalf under § 1983 for the wrongful death of the decedent but instead brought § 1983 claims based on violations of their own liberty interests stemming from defendants' alleged interference with plaintiffs' rights of familial integrity and association).

### C. Cause Of Action Accrual Date

Having established that Arkansas' three-year statute of limitations for personal injury actions and Arkansas' survival statute govern Fred Spainhour's § 1983 claim alleging an Eighth

Amendment violation, the Court considers whether Fred Spainhour's § 1983 cause of action accrued on March 18, 2016, or March 25, 2016.

Courts "look to federal common law to determine when a cause of action under § 1983 accrues." *Johnson v. Precythe*, 901 F.3d 973, 980 (8th Cir. 2018), *certiorari granted and judgment vacated on other grounds by Precythe v. Johnson*, 139 S. Ct. 1546 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-27). "The standard rule is that accrual occurs 'when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.'" *Precythe*, 901 F.3d at 980 (quoting *Wallace*, 549 U.S. at 388). "[A] plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Id.* (quoting *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998)).

On this issue, Fred Spainhour's complaint appears deficient as to the § 1983 claim based on an alleged Eighth Amendment violation. Fred Spainhour's complaint alleges a violation of Brian Spainhour's Eighth Amendment rights, not Fred Spainhour's own, pursuant to Arkansas' survival statute (Dkt. No. 1, ¶¶ 36-48). *See* Ark. Code Ann. § 16-62-101. Specifically, Fred Spainhour alleges the following actions or omissions violated Brian Spainhour's constitutional rights under the Eighth Amendment, including the right to adequate medical care and the right to be free from cruel and unusual punishment: Deputy Sumners unreasonably withheld necessary medical care from Brian Spainhour; Deputy Sweet intentionally withheld necessary medical care from Brian Spainhour; and Sheriff Jones intentionally refused to intervene after Deputy Sweet, Deputy Ballinger, and Deputy Sumners refused to provide medical care to Brian Spainhour (Dkt.

11

No. 1, ¶¶ 38-39, 41-42). Fred Spainhour's complaint states that, as a direct and proximate result of these actions, Brian Spainhour suffered damages in the form of both temporary and permanent injuries, including loss of feeling, motor skill deficiencies, emotional distress, and death (*Id.*, ¶ 48).

Fred Spainhour's complaint states that these alleged actions and omissions occurred on or before March 18, 2016 (*Id.*, ¶¶ 19-29). Fred Spainhour's complaint also asserts that these alleged actions and omissions resulted in damages as early as March 18, 2016, when Brian Spainhour suffered a stroke and fell into a coma at the detention center (*Id.*, ¶ 26). Accordingly, Brian Spainhour had a complete and present cause of action as early as March 18, 2016, due to the damages suffered on that day from the alleged wrongdoing of defendants. Further, Fred Spainhour's complaint makes no allegations of wrongful actions or omissions taken by defendants upon Brian Spainhour's release from the detention center on March 18, 2016 (*Id.*, ¶ 19). Though Brian Spainhour continued to suffer injuries and damages from the alleged wrongdoing through March 25, 2016, his cause of action for his § 1983 claim alleging an Eighth Amendment violation accrued on March 18, 2016.

Accordingly, this Court applies a three-year statute of limitation to Fred Spainhour's § 1983 claim alleging an Eighth Amendment violation which accrued March 18, 2016. Because Fred Spainhour filed his complaint on March 25, 2019, Fred Spainhour's § 1983 claim alleging an Eighth Amendment violation is time-barred, and the Court dismisses this claim in accordance with Federal Rule of Civil Procedure 12(b)(6). Because Fred Spainhour's complaint states only one federal claim under § 1983 which the Court dismisses as time-barred, the Court declines to exercise supplemental jurisdiction over the remaining state law claims raised in the complaint, including the Arkansas wrongful death claim, consistent with 28 U.S.C. § 1367(c)(3). The Court

dismisses those remaining claims without prejudice and tolls the period of limitations consistent with 28 U.S.C. § 1367(d).

IV. **Conclusion**

For the above reasons, the Court grants defendants' motions to dismiss and dismisses Fred Spainhour's § 1983 claim alleging an Eighth Amendment violation (Dkt. Nos. 2, 26). Because the Court considers Fred Spainhour's federal claim time-barred, the Court declines to exercise supplemental jurisdiction over his remaining state law claims, dismisses without prejudice those remaining state law claims, and tolls the limitations period for those claims consistent with 28 U.S.C. § 1367(d).

So ordered this 18th day of March, 2020.

_____
Kristine G. Baker
United States District Judge